Town of Marshfield v. L. F. Edwards.*

*Pauper. Pleadings.*

The obligation of towns to support their poor, and the right to remove a pauper from one town to another, arise from the statute alone, and must be enforced in accordance with its provisions.

The fact that the pauper has a settlement in another town in this state, or that her father is of sufficient ability to support her, is no defence to a suit to recover dam-

*Note.—It did not appear from the exceptions what the pleadings were in this case. Reporter.

ages for transporting such pauper into the plaintiff town with the intent of charging such town with her support.

A plea of not guilty to a declaration containing the necessary averments to make a case under section 31 of Chapter 20 of the General Statutes puts in issue the facts alleged in the declaration, and nothing else; and testimony tending to prove that the pauper had a settlement in some other town, and that her father had property, if a defence, would be irrelevant under such plea.

This was an action upon the statute for transporting a poor and indigent person from the town of Walden into the town of Marshfield, with an intent to make the town of Marshfield liable and chargeable for her support. The action was not for the penalty, but for the recovery of some $40. or $50. expenses the plaintiff town was compelled to pay in supporting the pauper.

The plaintiff introduced evidence tending to prove all the facts necessary to make a *prima facie* case. The defendant also introduced evidence tending to prove that the pauper had a settlement in another town in this state, and that her father had property and was able to support her.

The defendant's counsel insisted, and requested the court to charge the jury, that if the pauper had a settlement in some other town than Marshfield, or had a father able to support her, so that the town could remove her to the town of her legal settlement, or have a remedy on such town, or on her father, it would defeat the action; but the court decided otherwise, and charged the jury that that would not defeat the action,—to which the defendant excepted.

*Wing & Lund*, for the defendant.

*C. H. Heath*, for the plaintiff.

The opinion of the court was delivered by

WILSON, J. This is an action upon the statute for transporting a poor and indigent person from the town of Walden into the town of Marshfield, without an order of removal, with intent to make the town of Marshfield liable and chargeable for her support. The action is brought not for the penalty, but for the recovery of damages

sustained by the plaintiff by reason of such transporting of the pauper. The only question presented by the bill of exceptions, relates to the instructions given to the jury as to what would be sufficient to make the defendant liable. The defendant's counsel insisted and requested the court to charge the jury that, "if the pauper had a settlement in some other town than Marshfield, or had a father able to support her, so that the town could remove her to the town of her legal settlement, or have a remedy on such town, or on her father, it would defeat the action;" but the court charged the jury that those facts would not defeat the action. In order to determine whether the defendant was entitled to have the jury charged in accordance with his request, it becomes necessary to consider the provisions of the statute upon which the plaintiff's right of recovery depends. Section 31 of chapter 20 of the General Statutes, provides that, "if any person shall bring any poor and indigent person from any town in this state to another town in this state, or aid therein, without an order for the removal of such poor person, as provided by this chapter, with intent to charge such town with his support, he shall forfeit to such town a sum not exceeding $500., and if such poor person has not a legal settlement in such town, the person making such removal, or aiding therein, shall also, from time to time, be liable to pay such town all such damages as shall accrue for the support of such poor person, which damages may be recovered by an action on the case in the name of such town." The obligation on a town to support their poor, and the right to remove a pauper from one town to another town, with intent to charge such town with his support, arise from the statute alone, and cannot be enforced except in accordance with statutory provisions. Among the objects of the section above quoted are, to enforce the provisions of the chapter, above referred to, which require that every town shall provide for the immediate comfort and relief of all persons residing or found therein, though they have not a legal settlement in such town, when they shall fall into distress and stand in need of immediate relief, and until they shall be removed to their lawful settlement, if they have any; to enforce the statute which requires that all proceedings for the removal of any person who has, or is likely to

Marshfield v. Edwards.

become chargeable to any town in which he has not gained a legal settlement, shall be through the agency and under the sanction of the legally constituted tribunal for that purpose, so that the order of removal, and. removal of the pauper, shall be a legal proceeding between the town that made the order of removal, and the town to which the pauper is ordered to be removed, in which it can be determined whether the town to which the pauper or poor person is removed, or ordered to be removed, is liable for his support; to deter individuals from undertaking to relieve the town, in which a poor and indigent person shall reside, or be found, from his support, by transporting him from such town to another town in this state, without an order of removal as provided by law, with intent to charge such town with his support, and to punish the person so offending by fine, and if the person so removed has not a legal settlement in such town, to make the person, who so transported such person, also liable for all such damages as shall accrue for the support of such person, to the full extent to which the town, from which he unlawfully transported such person, would be liable, if such town had unduly removed such poor person.

In order to entitle the plaintiffs to recover it was incumbent on them to prove, that the defendant brought the poor and indigent person named in the declaration from Walden to the town of Marshfield, that the removal of such poor person was made without an order of removal, as provided by law, and with intent to charge the town of Marshfield with her support, and that she had no legal settlement in the town of Marshfield, and that damages accrued to the plaintiff for the support of such poor person, prior to the commencement of this suit. The declaration contains a statement of these facts as constituting the plaintiff's cause of action. The defendant's plea of not guilty puts in issue the facts alleged in the declaration, and nothing else. It is stated in the bill of exceptions that the evidence tended to prove all the facts necessary to entitle the plaintiff to recover, and by this statement we understand that the plaintiff's testimony tended to prove the facts, and all the facts, which the statute declares shall render the defendant liable for the damages resulting from an unauthorized removal of the pauper to the plaintiff town in which she

had no legal settlement. The exceptions, after stating that the evidence tended to prove all the facts necessary to entitle the plaintiff to recover, say, " unless the following evidence would defeat the action." The evidence here alluded to tended to show that the pauper had a legal settlement in some other town than Marshfield, and that her father had some property. It is obvious that this testimony was not relevant to any point made by the pleadings, nor did the plaintiffs' right of recovery depend upon any such question. The defendant by bringing the pauper to the town of Marshfield without an order of removal, and with intent to charge such town with her support, incurred the penalty. But in order to sustain the action upon the statute for the damages, the town was required to show not only what would render the defendant liable for the penalty, but also that the pauper had not a legal settlement in the plaintiff town, and that the town had sustained damages. Thus it will be seen that the penalty is imposed for the unauthorized removal with intent to charge the town, without regard to the question whether the pauper has or has not a legal settlement in such town, but the right to recover damages is given only where the pauper so unlawfully removed has no settlement in such town. But the statute did not require the plaintiffs to show that the pauper had no legal settlement in any other town in the state, or that her father was not able to support her. It does not occur to us how any such issue could be tried in this suit. Neither the town of Greensboro, nor her father, is a party to this proceeding, and no question between this plaintiff and Greensboro, or her father, could be litigated in this action. If the defendant had pleaded specially that her legal settlement was in Greensboro, or that her father was of sufficient ability to support her, such plea, I think, would be held bad on demurrer. It is claimed by the defendant's counsel that a fair interpretation of the statute would require the plaintiffs to seek their remedy against the town of the pauper's legal settlement, or against her father if of sufficient ability to support her, and that it would be extremely severe to hold that the defendant shall be liable, from time to time, for damages, and so long as the pauper shall remain with the plaintiff. The plaintiff's rights and the defendant's liability are to be determined by the statute,

17

Marshfield *v.* Edwards.

Its language is plain, and no doubt can exist as to what acts or facts render the defendant liable, nor as to the extent of such liability. The damages recoverable in this action accrued prior to the commencement of the suit. Whether the plaintiffs can, in order to obtain further or additional security and protection for the support of the pauper, proceed against other parties, is not a question submitted for our decision. It is, however, clear that the plaintiffs are not bound to search for her legal settlement, nor to institute proceedings in order to determine the ability of her father to support her. The plaintiffs have the right to hold the defendant accountable for all damages which shall accrue for the support of the pauper.

We are agreed that the charge of the court was correct, and the judgment of the county court is affirmed.